IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MIDLAND STATES BANK,** | |
| Plaintiff, | |
| v. | Case No. 3:24-CV-01214NJR |
| **HOLDEN FAMILY, LLC; LEGACY MESA QOF, LLC; and PALLADIUM GRID, LLC,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). The Court has reviewed the notice of removal (Doc. 1) and Rule 7.1. disclosure statement (Doc. 5) filed by Defendants, Holden Family, LLC ("Holden") and Legacy QOF, LLC ("Legacy"). These filings purport to invoke this Court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). For the following reasons, these filings, as submitted, fail to properly allege federal subject matter jurisdiction.

A. The Notice of Removal

Holden and Legacy's notice of removal (Doc. 1) is deficient in three ways. First, it purports to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1332(d).

Subsection (d) allows federal courts to exercise subject matter jurisdiction *in a class action lawsuit* when minimal diversity and other requirements are met. *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019). This is not a class action, and § 1332(d) is thus an improper basis for this Court's subject matter jurisdiction.

Second, the notice of removal insufficiently identifies the citizenships of the parties to this case. The three Defendants, Holden, Legacy, and Palladium Grid, LLC, are simply identified as limited liability companies of a certain state and thus citizens of that state. (Doc. 1 at 3). But the citizenship of an LLC is based on the citizenships of its members. *Page v. Democratic Nat'l. Comm.*, 2 F.4th 630, 635 (7th Cir. 2021). Thus, an LLC's citizenship must be "traced through as many levels as necessary until reaching a natural person or a corporation." *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1070 (7th Cir. 2023). The notice of removal fails to do this and consequently fails to properly identify the Defendants' respective citizenships for purposes of diversity jurisdiction. The same is true for Plaintiff, Midland States Bank ("Midland"). The notice of removal identifies Midland simply as an "Illinois Banking Corporation" and thus claims it is a "citizen of Illinois." (Doc. 1 at 3). It is black letter law that a corporation is a citizen of its state of incorporation *and* the state of its principal place of business. 28 U.S.C. § 1332(c)(1). The notice of removal fails to provide this information too, thereby preventing an informed jurisdictional analysis.

Third, federal diversity jurisdiction requires the parties to be completely diverse *and* the amount in controversy to "exceed[] the sum or value of $75,000, *exclusive of interest and costs*." 28 U.S.C. § 1332(a) (emphasis added). The notice of removal merely alleges

that the amount in controversy "exceeds $75,000" without mentioning interest and costs. The Court recognizes that this case concerns a loan in the amount of $35,000,000, but to properly invoke diversity jurisdiction under 28 U.S.C. § 1332(a), the invoking party must offer the necessary allegations, including the one concerning interest and costs.

### B.  The Rule 7.1. Disclosure Statement

The Court has also identified several deficiencies in Holden and Legacy's corporate disclosure statement. First, both parties answered "No" to the question of whether they are a "non-governmental corporate party." This is incorrect, as they are both limited liability companies, and Local Rule 7.1-1 requires "any nongovernmental entity that is not an individual, including, but not limited to, a corporation, *limited liability company*, sole proprietorship, partnership, firm, joint venture, trust, or similar entity" to file the disclosure statement and identify any person or entity that owns 10% or more of its stock or has an ownership interest of 10% or more in the disclosing entity. SDIL-LR 7.1-1(a)(1) (emphasis added).

Second, the disclosure statement identifies Holden as a "citizen of Missouri." Holden is owned by the Stephen W. Holden Irrevocable Trust of which Natalie D. Riley is the trustee. The disclosure statement refers to Ms. Riley as a "Missouri resident." "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined, of course, by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994), which means the state where the person

is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *see also Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). The trust, and by extension Holden, is a citizen of the state of which Ms. Riley is a citizen because "[t]he citizenship of a trust is the citizenship of the trustee." *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 257 (7th Cir. 1998). And as noted, the citizenship of an LLC must be "traced through as many levels as necessary until reaching a natural person or a corporation" *City of E. St. Louis*, 83 F.4th at 1070. Thus, the disclosure statement must be amended to identify Ms. Riley's *citizenship*, not the state of her residence to perfect the jurisdictional allegations.

Finally, Legacy's citizenship identification is flawed. The disclosure statement identifies Legacy as a "citizen of Missouri." But because it is an LLC, its citizenship must be traced to the citizenships of its members. Here, the disclosure statement inadequately identifies the citizenships of Legacy's members. According to the disclosure statement, Holden owns 64% of Legacy, whereas Black Duck Holdings, LLC ("Black Duck") allegedly owns the remaining 36%. The disclosure statement goes on to state that the 5R Family Trust ("5R") owns Black Duck, and that Mallard Advisors LLC is 5R's trustee. Legacy's attempt to identify itself as a "citizen of Missouri" without properly explaining the citizenships of its members is woefully inadequate. Based on this corporate structure, it appears that Ms. Riley's citizenship (as trustee of the Stephen W. Holden Irrevocable Trust, which owns Holden) and the citizenships of Mallard Advisors LLC's members will determine Legacy's citizenship. This information was not provided.

For these reasons, Holden and Legacy are **DIRECTED**, pursuant to 28 U.S.C.

§ 1653, to file an amended notice of removal that properly alleges the citizenships of the parties to this lawsuit and the amount in controversy under 28 U.S.C. § 1332(a). *See Dancel*, 940 F.3d at 384-85 (deficient notice of removal warranted remand to cure jurisdictional defects). Holden and Legacy are further **DIRECTED** to file an amended Rule 7.1. disclosure statement that remedies the errors identified above. These filings are due on or before **June 14, 2024**. All other parties subject to the requirements of Rule 7.1. of the Federal Rules of Civil Procedure are similarly **ORDERED** to file their disclosure statements on or before **June 14, 2024**.

    IT IS SO ORDERED.

    DATED:  June 6, 2024

                                            **NANCY J. ROSENSTENGEL**
                                            **Chief U.S. District Judge**