IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MIDLAND STATES BANK,**

   **Plaintiff,**

v.

**HOLDEN FAMILY, LLC,**
**LEGACY MESA QOF, LLC, and**
**PALLADIUM GRID, LLC,**

   **Defendants.**

Case No. 3:25-CV-1214-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Midland States Bank ("Midland"). (Doc. 22). Midland requests judgment as a matter of law as to Counts I and II of its Verified Complaint against Defendants Holden Family, LLC ("Holden") and Legacy Mesa QOF, LLC ("Legacy"). Holden and Legacy (collectively, "Defendants") filed a joint response in opposition (Doc. 25), and Midland filed a reply (Doc. 29). For the reasons set forth below, Midland's motion is denied.

### BACKGROUND

The following facts are undisputed for purposes of Midland's motion for partial summary judgment.

On December 30, 2021, Midland extended financing and made a loan to The Grid at Mesa, LLC ("the Borrower") in the original principal amount of $35,000,000 pursuant to a Promissory Note ("Note"). (Doc. 22-1). Midland and the Borrower also entered into a Construction Loan Agreement dated December 30, 2021 ("Loan Agreement"). (Doc. 22-

2). Holden and Legacy guaranteed the Loan Agreement by entering into Guaranty Agreements dated December 30, 2021, in favor of Midland (the "Holden Guaranty" and the "Legacy Guaranty"). (Doc. 22-3; Doc. 22-4). Midland is the current holder, owner, and beneficiary of the Note, Loan Agreement, Holden Guaranty, and Legacy Guaranty. (Doc. 22-6 at ¶ 5).

After the agreements were executed, the Borrower refused to pay for cost overruns that exceeded $7 million, as required by the Loan Agreement. (*Id.* at ¶ 6). The Loan Agreement provides: "Any cost overruns in excess of amounts allocated in the Construction Budget shall be paid for the [sic] Borrower at the Borrower's expense." (Doc. 22-2 at p. 11 § 4.11). The Loan Agreement further provides that, if "Borrower fails to promptly perform or comply with any of the Obligations set forth in [the Loan Agreement]," such failure constitutes an "Event of Default." (*Id.* at pp. 21-22).

The Loan Agreement then states that "[u]pon the happening of any 'Event of Default,'" Midland "may accelerate all of Borrower's Obligations under the Loan Documents . . . ." and such Obligations will become immediately due and payable. (*Id.* at p. 23 § 7.1(a)). Additionally, under the terms of the Note, if an Event of Default occurs, Midland is entitled to declare the unpaid principal balance and accrued but unpaid interest on the Note "at once due and payable." (Doc. 22-1 at p. 3 ¶ 7(a)).

On April 1, 2024, as a result of the Borrower's failure to pay cost overruns and other breaches of the Construction Loan, Midland accelerated the Note and demanded immediate payment of $27,448,474.78 in outstanding principal, $1,118,282.53 in accrued interest, per diem interest continuing to accrue at $11,579.52, late payment fees of

$23,145.51, other charges and fees of $17,715.68, plus any additional default interest or late payment fees as provided for in the Note and Loan Agreement and any expenses incurred by Midland in accordance with the Note, Loan Agreement, and Guaranties. (Doc. 22-6 at ¶ 7). Midland also notified Holden and Legacy by letter dated April 1, 2024, that they were in default of the Holden Guaranty and Legacy Guaranty. (Doc. 22-6 at ¶ 8; Doc. 22-5). To date, the Borrower has not paid Midland the full amount owed under the Note, and Defendants Holden and Legacy have not paid the full amount owed under the Holden Guaranty and Legacy Guaranty. (Doc. 22-6 at ¶¶ 9-10).

On April 3, 2024, Midland filed a Verified Complaint in the Circuit Court for Effingham County, Illinois, alleging that Defendants are in breach of their respective Guaranties. (Doc. 1-1). Defendants removed the case to this Court on May 3, 2024. (Doc. 1). On July 12, 2024, prior to this Court's entry of a scheduling order governing discovery, Midland filed the instant motion for summary judgment. (Doc. 22).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining whether a genuine issue of fact exists, the Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Ziccarelli v. Dart*, 35 F.4th 1079, 1083 (7th Cir. 2022). Once the moving party sets forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A moving party

is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323.

## DISCUSSION

The Court first addresses the timing of Plaintiff's motion. Defendants removed the case to this Court on May 3, 2024 (Doc. 1) and filed their Answers on May 31, 2024 (Docs. 16, 17). Before the Court even scheduled a Rule 16 Pretrial Scheduling and Discovery Conference or Rule 26 initial disclosures were exchanged, Midland filed its motion for partial summary judgment.

In response to Midland's statement of facts, Defendants do not dispute the terms of the Loan Agreement or Guaranties, as described above. However, they do dispute whether Midland acted in bad faith to delay and then deny disbursements to the Borrower, so that Midland could increase its leverage over Holden and Legacy and improperly accelerate the Note. To that end, Defendants provided a statement of additional material facts supported by the declaration of Natalie Riley, a "representative of Defendants," which describes in detail how Midland delayed disbursements, which in turn caused construction delays and "massive cost overruns" that threw the project into "irreversible financial ruin." (Docs. 25, 25-1).

In response to Defendants' statement of additional material facts, Midland asserts each fact is not supported by the record when Ms. Riley is not a representative of the Borrower, does not claim to have personal knowledge of the facts to which she attests, provides improper legal conclusions, asserts "facts" based on "information and belief,"

and relies on inadmissible hearsay statements. Therefore, the declaration is deficient and must be disregarded. Midland further argues that, to the extent Defendants are claiming Midland breached the Loan Agreement and therefore the Borrower (and, in turn, Holden and Legacy) are not liable for the debt, Defendants did not plead material breach as affirmative defense in their answers.

Defendants acknowledge that the declaration is deficient, noting within the declaration itself that because no discovery has been conducted, they are unable "to present facts that are essential to justify their opposition to Midland Bank's Motion for Summary Judgment." (Doc. 25-1 at ¶ 26). Defendants ask the Court to deny Midland's motion either because there are genuine issues of material fact as to the causes of the construction delays and overruns or because no discovery has been taken that would allow Defendants to properly respond to Midland's motion.

The Court agrees with Defendants that they should be permitted to conduct discovery before responding to Midland's motion. True, Defendants did not raise material breach as an affirmative defense in their answers. (Doc. 16, 17). But they reserved the right to assert any additional defenses that they may learn of through discovery, and this Court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially. *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (citing FED. R. CIV. P. 15(a)). Moreover, the Court finds it quite unusual and disingenuous for Midland to claim that Ms. Riley's declaration cannot be considered because it is deficient—when the deficiency is a result of Midland's decision to file its motion before any discovery has been conducted.

Federal Rule of Civil Procedure 56(d) provides that if the nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Here, Defendants have demonstrated that they require discovery in order to properly respond to Midland's motion for partial summary judgment, and the Court prefers to resolve this case upon a complete record.

For these reasons, the Motion for Partial Summary Judgment filed by Plaintiff Midland States Bank (Doc. 22) is **DENIED without prejudice**. Midland may refile its motion at the close of discovery.

The Court will set a Rule 16 Scheduling and Discovery Conference by separate order.

**IT IS SO ORDERED.**

DATED:   March 28, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**